UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Karl Sagar**

    **v.**                                  Case No. 04-CV-204-PB

**Bruce Cattell, Warden**,
**New Hampshire State Prison**

**MEMORANDUM AND ORDER**

Karl Sagar has filed a petition for a writ of habeas corpus challenging the portion of his sentence that suspends his driver's license for three years after his release from prison. Sagar and respondent Bruce Cattell, Warden of the New Hampshire State Prison, have filed cross-motions for summary judgment. Because I determine that this court does not have subject matter jurisdiction over Sagar's petition, I deny his motion for summary judgment and grant the Warden's motion.

**I.   BACKGROUND[1]**

Sagar pled guilty on June 1, 1994 to aggravated driving while intoxicated ("ADWI"), see N.H. Rev. Stat. Ann. ("RSA") §

---

[1] The facts, which are not in dispute, are taken from Sagar's petition and the state court record.

265:82-a, I(b) (1993), and manslaughter, see RSA § 630:2, I(b) (1986).  Pursuant to a negotiated plea agreement, he was sentenced to 12-24 years in state prison on the manslaughter charge and 3½ - 7 years on the ADWI charge, to run concurrently.  The ADWI sentence also required: "Revocation of right to operate a motor vehicle in [S]tate of NH for three (3) years after release from the NH State Prison."

In 2003, after the maximum term of the ADWI sentence had expired, but while he was still serving the minimum term of the manslaughter charge, Sagar wrote to the Department of Motor Vehicles (DMV) requesting confirmation that his driving privileges would be reinstated on May 30, 2004.[2]  The DMV replied that the return of Sagar's license involved a "variable date" and suggested that he contact the superior court for clarification.  Sagar then filed a Motion to Compel Compliance on November 23, 2003, and a Motion for Clarification of Sentence on January 22, 2004, in Belknap County Superior Court.  The court denied both motions and the New Hampshire Supreme Court declined Sagar's

---

[2] This date was three years after the conclusion of the maximum ADWI sentence.

appeals without comment.

Sagar filed his habeas petition on May 25, 2004, asserting that suspension of his driver's license after he is released from prison on the manslaughter charge would breach his plea agreement and would result in illegal segmentation of the ADWI sentence into two installments.  The petition was referred to Magistrate Judge Muirhead, who determined that Sagar had failed to exhaust the remedies available in state court because he had litigated only one of the two issues raised in his petition.  See 28 U.S.C. § 2254(b)(1)(A).  Pursuant to the magistrate judge's order (Doc. No. 3), Sagar opted to have the petition stayed while he satisfied the exhaustion requirement.

Sagar then filed a Motion to Correct Illegal Sentence in superior court on September 9, 2004, raising his claim that delaying suspension of his driver's license would amount to an impermissible installment punishment.  The motion was denied and the New Hampshire Supreme Court declined Sagar's appeal without comment.  Sagar then filed a "status report" demonstrating that all of his claims had been exhausted in state court (Doc. No. 6).

## II. **ANALYSIS**

### A. **The "In Custody" Requirement**

This court has jurisdiction to entertain Sagar's petition for habeas corpus relief only if he "is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). The statute requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). This requirement serves to "preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 351 (1973). Thus, in order for this court to have jurisdiction over Sagar's petition, he must have been "in custody" under the sentence that he is attacking at the time his petition was filed. See <u>Maleng</u>, 490 U.S. at 490.

Physical confinement is not required in order to challenge a sentence through habeas review. <u>Id.</u> at 491. Thus, a prisoner who has been placed on probation or parole under an unexpired sentence may still meet the "in custody" requirement because of the ongoing restraints on his liberty. <u>Id.</u>; <u>Jones v. Cunningham</u>,

371 U.S. 236, 242-43 (1963); see also Barry v. Bergen County Prob. Dep't, 128 F.3d 152, 161 (3d Cir. 1997) (holding that community service sentence imposed in lieu of fine meets custody requirement); Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993) (holding that sentence of mandatory attendance at alcohol rehabilitation program meets custody requirement).

   Although the custody requirement has been liberally construed, see Maleng, 490 U.S. at 492, not all criminal sentences meet this jurisdictional requirement.  At a minimum, there must be a restraint on liberty that is "not shared by the public generally" as well as "some type of continuing governmental supervision."  Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987) (quotations omitted).  Thus, habeas relief is not available for fine-only convictions because the fine itself is not a serious restraint and the possibility that imprisonment will result is considered too remote and speculative.  Tinder v. Paula, 725 F.2d 801, 804 (1st Cir. 1984).  Likewise, courts have declined to extend habeas relief to convictions resulting in driver's license suspensions.  Lillios v. New Hampshire, 788 F.2d 60, 61 (1st Cir. 1986); Harts v. Indiana, 732 F.2d 95, 97 (7th

Cir. 1984); Westberry v. Keith, 434 F.2d 623, 625 (5th Cir. 1970). These courts recognize that although a license suspension may involve hardship, "suspension of driving privileges is not the sort of severe restraint on individual liberty for which habeas corpus relief is reserved." Harts, 732 F.2d at 96-97 (quotation and brackets omitted).

**B.   Application**

A careful review of the undisputed facts demonstrates that Sagar cannot satisfy the "in custody" requirement with respect to the sentence he is attempting to challenge in his habeas corpus petition. First, it is undisputed that Sagar had already served the maximum prison sentence imposed on the ADWI charge by the time he filed his federal habeas corpus petition. Accordingly, he was not literally "in custody" on that sentence when he filed his petition; nor was he subject to further parole supervision as a result of that sentence. Second, Sagar has no argument that he should be deemed to be "in custody" on the ADWI charge based on the fact that he has not finished serving his sentence on the manslaughter charge. Sagar was given concurrent sentences on the ADWI charge and the manslaughter charge. Thus, the allegedly illegal ADWI sentence had no effect on the manslaughter sentence.

Finally, Sagar is simply incorrect in claiming that he should be deemed to be "in custody" on the ADWI charge because his sentence on that charge stemmed from the same plea agreement that resulted in his sentence on the manslaughter charge. This contention is meritless because Sagar bases his petition solely on the alleged illegality of the sentence he received on the ADWI charge rather than on any deficiency in the proceedings that led to his guilty pleas.

## IV. CONCLUSION

The Warden's Motion for Summary Judgment (Doc. No. 15) is granted and Sagar's Motion for Summary Judgment (Doc. No. 10) is denied. The clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

October 20, 2005

cc:  Karl Sagar, *pro se*
     Karen Ann Gorham, Esq.